1

2

3

4

5                          **UNITED STATES DISTRICT COURT**

6                          **NORTHERN DISTRICT OF CALIFORNIA**

7

8    FENGLIN ZHANG,                              Case No.: 13-cv-1342 KAW

9              Plaintiff,                         ORDER DENYING MOTION FOR
                                                  DEFAULT JUDGMENT WITHOUT
10         vs.                                    PREJUDICE

11

12   AICEM GROUP, LLC, et al.,

13             Defendants.

14

15

16        Fenglin Zhang ("Plaintiff") moves for default judgment against Aicem Group, LLC

17   ("Aicem Group"), Wenly Group, LLC ("Wenly Group"), Zhenwen Liang ("Liang"), and Yali

18   Zhang ("Zhang") (collectively, "Defendants") for violations of federal and state wage and hour

19   laws.  The court held a hearing on the motion on October 17, 2013.  Having considered the moving

20   papers and Plaintiff's oral argument at the hearing, the court denies the motion without prejudice

21   for the reasons set forth below.

                                    **I.      BACKGROUND**
22
          From March 2, 2009 to November 4, 2012 Plaintiff worked for Defendants, who operate an
23
     elderly care facility, "Wenly Care" in Sonoma County.  (Compl. ¶ 6, Dkt. No. 1; Zhang Decl. ¶¶
24
     10, 11, Dkt. No. 16.)  Plaintiff alleges that from March 2, 2009 to July 29, 2012, he worked
25
     approximately 126 hours per week.  (Zhang Decl. ¶ 12.)  He states that his schedule for that period
26
     was as follows:  12:00 a.m. to 8:30 a.m. and 2:00 p.m. to 12:00 a.m. on weekdays, 12:00 a.m. to
27
     9:30 a.m. and 9:30 p.m. to 12:00 a.m. on Saturdays; and 12:00 a.m. to 12:00 a.m. on Sundays.
28
     *(Id.)*  Plaintiff asserts that he worked approximately 103.5 hours per week from July 30, 2012 to

United States District Court
Northern District of California

United States District Court
Northern District of California

1  November 4, 2012.  (*Id.* at ¶13.)  He alleges that during that period, he worked from 4:00 p.m. to

2  12:00 a.m. on Mondays, 12:00 a.m. to 8:30 a.m. and 2:00 p.m. to 12:00 a.m. Tuesdays through

3  Fridays, 12:00 a.m. to 9:30 a.m. and 9:30 p.m. to 12:00 a.m. on Saturdays, and 12:00 a.m. to 9:30

4  a.m. on Sundays.  *(Id.)*  Plaintiff also asserts that of the hours worked, approximately 75 hours per

5  week were "on-call" hours, during which he was required to remain in the care facility and assist

6  residents as needed.  (*Id.* ¶ 15;  Zhang Decl., Ex. 5, Wenly Care Working Schedule Time Sheet for

7  Fenglin Zhang July 16, 2012 – July 29, 2012.)[1]

8        Plaintiff alleges that Defendants paid him a bi-weekly salary of $1,062.00 from March 2,

9  2009 to May 23, 2010.  (Zhang Decl. ¶ 16.)  Plaintiff asserts that he did not receive any overtime

10  pay during that period.  *(Id.)*  Plaintiff also alleges that Defendants paid him an $8.00 hourly wage

11  from May 24, 2010 to November 4, 2012.  (*Id.* ¶ 17.)  From May 24, 2010 to July 29, 2012,

12  Plaintiff received 18 hours of overtime pay per week at a rate of $12.00 per hour.  *(Id.)*  From July

13  30, 2012 to November 4, 2012, Plaintiff received 7 hours of overtime pay per week at a rate of

14  $12.00 per hour.  *(Id.)*  Plaintiff also asserts that while employed by Defendants, he took total of 8

15  weeks of vacation without pay (March 29, 2010 to April 11, 2010 and April 9, 2012 to May 20,

16  2012) and "worked all other days without taking sick leave or holiday[s] off."  (*Id.* ¶ 14.)  Plaintiff

17  further alleges that Defendants never set a meal schedule, routinely required him to work without

18  any uninterrupted thirty-minute meal periods, and did not compensate him for any missed meal

19  periods.  *(Id.)*

20        On March 25, 2013, Plaintiff filed a complaint against Defendants, alleging violations of

21  federal and state minimum wage and overtime laws, including the Fair Labor Standards Act

22  ("FLSA"), 29 U.S.C. section 201-219; various sections of the California Labor Code; and

23  California's unfair competition law ("UCL"), California Business and Professions Code sections

24  17200-17210.  (Compl. at 2.)

25

26  [1] Plaintiff's schedule for the period of July 16, 2012 – July 29, 2012 includes regular entries for "on-call/sleep" hours and "off" hours.  Zhang Decl., Ex. 5.  The schedule also states that "on-call/sleep

27  time is not paid unless [the employee] work[s] while on-call/sleep and record[s]" it on the appropriate form."  *Id.*  Notably, Plaintiff's declaration does not list his hours according to the

28  schedule provided.  Zhang Decl. ¶¶ 12, 13.

United States District Court
Northern District of California

1    Summons were issued on March 25, 2013.  (Dkt. No. 2.)  Plaintiff has served all

2    Defendants.  (Dkt. Nos. 6, 7, 8, 9.)  After service of the summons and complaint, counsel

3    apparently agreed that Defendants would have until May 30, 2013 to respond to the complaint.

4    (1st Ji Decl.; Dkt. No. 10.)  By letter dated May 1, 2013, Defendants' counsel memorialized a

5    conversation she had with Plaintiff's counsel on that point.  (*Id.*, Ex. 1, May 1, 2013 Letter from

6    Theresa R. Fritz to Ming Ji.)

7    That letter reads:

8        This [letter] further confirms that you agreed to grant an extension to file
9        an Answer on behalf of all Defendants until May 30, 2013, wherein no default
         shall be filed, on or before May 30, 2013.
10       As I mentioned today, I will be sending you a letter regarding a request to
11       dismiss the two individuals, as they were not the Plaintiff's employer.
         Alternatively, we will bring a Demurrer and seek reimbursement of attorneys fees
12       and costs.  The extension of time will allow us to explore this issue before having
         to file answers.

13   Defendants did not file an answer by the agreed-upon May 30, 2013 deadline.  (1st Ji. Decl.

14   at 2.)  On May 31, 2013, Plaintiff requested that default be entered against Defendants.  The Clerk

15   entered default against all Defendants on June 3, 2013.  (Dkt. No. 12.)  On August 30, 2013,

16   Plaintiff filed his motion for default judgment.  (Mot. Default J., Dkt. No. 15.)  Plaintiff did not

17   notice the motion.

18   In his declaration in support of the motion for default judgment, Plaintiff's counsel does not

19   make any reference to earlier discussions with Defendants' counsel.  (*See* 2d Ji Decl., Dkt. No. 17.)

20   Nor does he indicate whether Defendants' counsel contacted him after the May 30, 2013 deadline

21   passed.  *(Id.)*  However, during oral argument, Plaintiff's counsel indicated that Defendants'

22   counsel had contacted him via facsimile on May 31, 2013, after he had requested that the Clerk

23   enter default against Defendants but before he filed the motion for default judgment.  Plaintiff's

24   counsel informed the court that in the communication, Defendants' counsel requested an additional

25   extension of time to file an answer, to which Plaintiff's counsel did not agree because she had not

26   articulated an adequate reason for an additional extension of time.

27   //

28

3

United States District Court
Northern District of California

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default.  *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001).  The decision to enter a default judgment lies within the court's discretion.  *Id.* at 999 (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986) (further citations omitted)); *see also Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."  FED. R. CIV. P. 55(b)(2).  Failure to satisfy this notice requirement is a serious procedural error usually justifying reversal on appeal or the setting aside of a default.  *Civic Ctr. Square v. Ford (In re Roxford Foods)*, 12 F.3d 875, 879 (9th Cir. 1993).

Notice is only required when a party has made an appearance.  *Id.*  However, the appearance need not be a "formal one, i.e., one involving a submission or presentation to the court. In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit."  *Id.; see Wilson v. Moore & Assocs.*, 564 F.2d 366, 369 (9th Cir. 1977) (letters to plaintiff and to the clerk of court did not reflect clear purpose to defend where the plaintiff twice provided actual, unqualified notice that delay in answering the complaint would result in default); *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) (defendant's settlement attempts demonstrated clear purpose to defend).

## III.   DISCUSSION

While Defendants have not formally appeared, their counsel did send a letter to Plaintiff's attorney.  (1st Ji Decl., Ex. 1.)  In that letter, Defendants' counsel confirmed that she would have until May 30, 2013 to file a complaint and that no default would be requested during that time.  *(Id.)*  She also indicated that she would "send[] [Plaintiff's counsel] a letter regarding a request to dismiss the two individuals . . . , bring a [d]emurrer and seek reimbursement of attorneys fees and costs."  *(Id.)*

4

United States District Court
Northern District of California

1    During oral argument, the court asked Plaintiff's attorney whether there had been any other

2    communications with opposing counsel since the time of the granting of the extension.  In

3    response, Plaintiff's counsel stated that Defendants' counsel had not contacted him by the May 30,

4    2013 deadline, so he requested that the Clerk enter default.  On May 31, 2013, Defendants' counsel

5    contacted Plaintiff's attorney and requested a further extension.  However, because she did not give

6    an adequate reason, Plaintiff's counsel did not agree to a further extension.  He informed

7    Defendants' counsel that since he had already requested default, she could oppose the request.

8    Plaintiff's counsel did not include any of this information in either his declaration in support of the

9    request for entry of default or his declaration in support of the motion for default judgment.  Only

10   the letter from Defendants' counsel confirming the extension to file an answer appears in the

11   record.

12        The court finds that the communications between counsel reflects Defendants' clear

13   purpose to defend the suit, constituting an appearance for the purposes of Federal Rule of Civil

14   Procedure 55(b)(2) and thus triggering the requirement that "the party against whom default

15   judgment is sought . . . be served with written notice of the application at least 7 days before the

16   hearing."  FED. R. CIV. P. 55(b)(2).  While Defendants' counsel certainly should have contacted

17   Plaintiff's attorney prior to the agreed-upon May 30, 2013 deadline, the initial communication with

18   Plaintiff's counsel, coupled with the additional contact effort on May 31, 2013, evidences an intent

19   to defend the suit.  Here, there is no indication that Plaintiff ever warned counsel that he would

20   request the entry of default the day after the agreed-upon deadline for filing an answer had passed

21   or whether Plaintiff put Defendants on notice that he would only grant one, and only one,

22   extension.  *Cf. Wilson*, 564 F.2d at 369.  Indeed, it would seem to be a matter of professional

23   courtesy to contact opposing counsel prior to taking such action, especially when there had already

24   been prior conversations about an extension, and the possibility of any further extensions had not

25   been expressly foreclosed.

### IV.    CONCLUSION

26

27        For the reasons set forth above, the court denies Plaintiff's motion for default judgment

28   without prejudice to the re-filing of a properly noticed motion for default judgment.  If Plaintiff

5

United States District Court
Northern District of California

1  does file such motion, Plaintiff must adequately address the issues the court raised during oral

2  argument.  Specifically:

3        1.  Plaintiff shall identify any claims that may have accrued outside the applicable

4             statute of limitations period and exclude such claims from any damages

5             calculations.

6        2.  Plaintiff shall include details about Plaintiff's duties and clearly explain why those

7             duties were not "exempt" under the Fair Labor Standards Act.

8        3.  Plaintiff shall identify the allegations in the complaint that satisfy the Ninth Circuit

9             factors this court must balance in order to determine whether "on-call" hours are

10             compensable.  *See, e.g., Berry v. County of Sonoma*, 30 F.3d 1174 (9th Cir. 1994);

11             *Owens v. Local No. 169*, 971 F.2d 347 (1992).

12        4.  Plaintiff shall identify the allegations in the complaint that support liability as

13             against the individual defendants, if seeking the entry of default judgment as against

14             the individual defendants.

15        5.  To the extent that Plaintiff seeks an award of attorney's fees, Plaintiff's counsel shall

16             submit a declaration containing information regarding the prevailing market rates in

17             the community and rate determinations in other cases.  *See, e.g., Camacho v.*

18             *Bridgeport Fin. Inc.,* 523 F.3d 973 (9th Cir. 2008).

19

20        As Plaintiff has reserved December 5, 2013 for the hearing on the renewed motion for

21  default judgment, Plaintiff shall ensure the motion is timely filed and served so as to ensure

22  compliance with Civil Local Rule 7-2.

23        IT IS SO ORDERED.

24

25  DATE: October 25, 2013

26                            KANDIS A. WESTMORE
                             United States Magistrate Judge

27

28